UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 14, 2015

LETTER TO COUNSEL

      RE: *Devery M. Flamer v. Commissioner, Social Security Administration*;
            Civil No. SAG-14-2260

Dear Counsel:

On July 16, 2014, Plaintiff Devery Flamer petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Flamer's motion, grant the Commissioner's motion, and affirm the judgment of the Commissioner pursuant to 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Flamer protectively filed a claim for Supplemental Security Income ("SSI") on March 2, 2011. (Tr. 74, 148-54). He alleged a disability onset date of February 1, 2011. (Tr. 148). His claim was denied initially and on reconsideration. (Tr. 107-10, 123-25). A hearing was held on May 13, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 25-48). Following the hearing, the ALJ determined that Mr. Flamer was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 8-24). The Appeals Council denied Mr. Flamer's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Flamer suffered from the severe impairments of degenerative disc disease of the lumbar spine and advance end-stage glaucoma. (Tr. 13). Despite these impairments, the ALJ determined that Mr. Flamer retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except he is limited to performing postural activities occasionally. Additionally, his vision is 20/20, but he has a limited field of vision on both sides; however, he is limited to positions that do not require good depth perception. He should avoid concentrated exposure to extreme temperatures, both cold and heat; concentrated exposure to dust, fumes, odors and other pulmonary irritants; and avoid hazards.

*Devery M. Flamer v. Commissioner, Social Security Administration*
Civil No. SAG-14-2260
May 14, 2015
Page 2

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Flamer could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 19-20).

Mr. Flamer raises three arguments on appeal: (1) that the ALJ erred in assessing the severity of and the functional limitations caused by several of Mr. Flamer's impairments; (2) that the ALJ erred in assessing Mr. Flamer's credibility; and (3) that the ALJ failed to consider the effect of Mr. Flamer's age subsequent to the hearing. Each argument lacks merit and is addressed below.

First, Mr. Flamer claims that the ALJ erred at step two of the sequential evaluation by determining that his hypertension, chronic renal failure, and umbilical hernia are non-severe impairments. Mr. Flamer further contends that the ALJ's error was prejudicial because, at step four of the sequential evaluation, the ALJ did not properly account for the functional limitations caused by those impairments. Step two is a threshold determination of whether a claimant is suffering from a severe impairment or combination of impairments. *See Bowen v. Yuckert*, 482 U.S. 137, 147-48 (1987) (upholding the severity threshold because, "if a claimant is unable to show that he has a medically severe impairment . . . there is no reason for the Secretary to consider the claimant's age, education, and work experience"). If a claimant is not suffering from any severe impairment(s), he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If a claimant is found to be suffering from a severe impairment(s), the analysis simply proceeds to the next step. *Id.*

With respect to his hypertension, Mr. Flamer argues that the ALJ's statement that his hypertension was well controlled by medication is not supported by substantial evidence. Pl. Mem. 13. In support of his argument, Mr. Flamer cites his own statement that he didn't "see the medications [he takes] as doing any good," (Tr. 279), and a diagnosis by Dr. Jensen of "poorly controlled" hypertension, (Tr. 282). However, in support of his statement, the ALJ cited Dr. Frank's September 2012 report that Mr. Flamer "has a history of hypertension controlled with medications," (Tr. 341), and a subsequent blood pressure reading of 120/80 in December 2012, (Tr. 357). Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, the ALJ cited substantial evidence in support of his determination that Mr. Flamer's hypertension was well controlled. The fact that there is a single reference in the record to poorly controlled hypertension—which appears to be based solely on Mr. Flamer's own report, rather than objective medical testing—does not undermine the ALJ's determination. Moreover, Mr. Flamer has not identified specific evidence undermining the ALJ's determination that his chronic renal failure and umbilical hernia are non-severe impairments, nor has he identified evidence of any functional limitations resulting therefrom. As explained below, the ALJ limited Mr. Flamer to a restricted range of sedentary work, assessing exertional limitations well beyond those opined by any physician. Accordingly, I find that the ALJ's evaluation of Mr. Flamer's hypertension, chronic renal failure, and umbilical hernia is supported by substantial evidence.

*Devery M. Flamer v. Commissioner, Social Security Administration*
Civil No. SAG-14-2260
May 14, 2015
Page 3

Mr. Flamer next argues that the ALJ failed to properly evaluate both the credibility of his complaints of pain and how his pain impacts his RFC. Pl. Mem. 14-16. However, Mr. Flamer asserts that, had the ALJ properly analyzed his credibility, the ALJ would have limited Mr. Flamer to "less than the full range of sedentary work"—precisely the limitation found by the ALJ in his RFC assessment. Pl. Mem. 16. Moreover, after reviewing the ALJ's decision, it is clear that while the ALJ did not fully credit Mr. Flamer's credibility with respect to all of his complaints, the ALJ does appear to have given Mr. Flamer the benefit of the doubt regarding his allegations of pain. For example, after commenting on the relative absence of treatment notes documenting Mr. Flamer's "back pain and overall lumbosacral condition," and noting the opinions of multiple physicians stating that Mr. Flamer was capable of lifting 25 or even 50 pounds, the ALJ stated he "view[ed] the overall record evidence in the light most favorable to [Mr. Flamer], and considering factors such as his chronic low back pain and physical stature," the ALJ found that Mr. Flamer was "limited to less than a full range of sedentary work." (Tr. 16-17). In light of the fact that the ALJ apparently credited Mr. Flamer's complaints concerning his pain, and then set forth an RFC assessment consistent with that now espoused by Mr. Flamer, it is unclear why Mr. Flamer takes issue with the ALJ's analysis.

Finally, Mr. Flamer argues that the ALJ failed to consider the effect of the fact that he turned 50 years old on June 14, 2014, in determining whether a finding of disabled was directed pursuant to the Medical Vocational Rules ("Grids"). Pl. Mem. 16. The Grids allow an ALJ to evaluate a claimant's capability to do other work at step five of the sequential evaluation process. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 200.00. The Grids consider a claimant's RFC, age, education, and work experience, and direct a decision of "disabled" or "not disabled" based on whether there are jobs that exist in significant numbers in the national economy that a claimant can perform. The period relevant to the ALJ's determination in this case was that between Mr. Flamer's alleged onset date, February 1, 2011, and the date of the ALJ's decision, June 27, 2013. Mr. Flamer was born on June 20, 1964. (Tr. 148). Thus, on his alleged onset date, he was 46 years old, and on the date of the ALJ's decision, he had just turned 49 years old.

Social Security regulations define a "younger individual" as a person age 18 through 49, and an individual "closely approaching advanced age" as a person age 50 through 54. 20 C.F.R. § 416.963. In this case, the ALJ evaluated Mr. Flamer's claim under section 201.21 of the Grids, which directs a finding of "not disabled" for younger individuals age 45 to 49, who have a high school diploma or more and no transferrable job skills. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 201.21. Mr. Flamer argues that the ALJ should have instead considered section 201.14 of the Grids, which applies to individuals closely approaching advanced age, who have a high school diploma or more and no transferrable job skills. 20 C.F.R. Pt. 404, Subpt. P, Appx. 2 § 201.14. I am unpersuaded. Although Social Security regulations instruct that the age categories should not be applied "mechanically in a borderline situation," they go on to define a borderline situation as when a claimant is "within a few days to a few months of reaching an older age category." 20 C.F.R. § 416.963(b). Mr. Flamer was not, however, within a few days or months of reaching an older age category during the relevant time. Instead, on the date of the ALJ's decision, he was a full year from turning 50. Accordingly, the ALJ did not err by applying the Grid rule applicable to individuals age 45 to 49, rather than that applicable to individuals age 50 to 54.

*Devery M. Flamer v. Commissioner, Social Security Administration*
Civil No. SAG-14-2260
May 14, 2015
Page 4

      For the reasons set forth herein, Mr. Flamer's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                    Sincerely yours,

                                      /s/

                                  Stephanie A. Gallagher
                                  United States Magistrate Judge